```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DOMT, INC., | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 14-779 (JBS/KMW) |
| RICARDO SMIKLE, et al., | |
| Defendant. | **ORDER** |

This matter comes before the Court on Plaintiff DOMT, Inc.'s motion for default judgment [Docket Item 8] against Defendants Ricardo Smikle and Prestige Commercial Cleaning Corp.

Plaintiff requested default against Defendants [Docket Item 7], and the Clerk of Court entered default on March 4, 2014 pursuant to Fed. R. Civ. P. 55(a). Plaintiff's motion for default judgment was set for April 7, 2014, and Defendants have not responded. "Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2688 (3d ed.). The Court will therefore accept the facts of Plaintiff's Complaint [Docket Item 1] as true.

Plaintiff DOMT subfranchises janitorial unit franchises pursuant to a Subfranchise Rights Agreement with Anago

Franchising, Inc. (Compl. ¶¶ 6-7.) DOMT sublicenses the "Anago" mark and other proprietary marks to franchisees, who provide commercial cleaning services to customer accounts assigned by DOMT. (Compl. ¶¶ 8-9.) As a condition of their franchise agreements, DOMT franchisees agree not to compete with DOMT during the term of and for two years after the termination of the franchise agreements. (Compl. ¶ 10.) Franchisees also agree to comply with restrictions on the use of proprietary materials and confidential information and to pay ongoing royalties and administrative fees. (Compl. ¶¶ 10, 12.)

On October 27, 2007, DOMT and Defendant Smikle entered into a ten-year franchise agreement ("the Franchise Agreement"). [Docket Item 4-1.] The Franchise Agreement mandates, <u>inter alia</u>, that Smikle agrees to pay DOMT a monthly royalty fee of 10% of monthly gross revenues, an administration fee of 3% of monthly gross revenues, and, if non-competitive covenants are violated, a weekly fee of $1,000.00 in liquidated damages. [Docket Item 4-1 at 13, 36.]

In January 2009, Smikle incorporated Defendant Prestige in New Jersey. (Compl. ¶ 41.) Through Prestige, Smikle operated a competitive business during the term of and after the termination of the Franchise Agreement. (Compl. ¶ 42.)

The Prestige website states that Prestige's creation was driven by "frustration with the costly Franchise companies

2

selling commercial cleaning services in the existing cottage industry." [Docket Item 4-3 at 2.] During the Franchise Agreement's term, certain customers terminated their accounts with DOMT and Defendants independently serviced them. (Compl. ¶¶ 48-49.) Smikle also used modified copies of DOMT's proprietary materials, including evaluation forms and cleaning specifications. (Compl. ¶ 58.)

As a result of Smikle's actions, DOMT lost accounts and suffered administrative expenses in transferring other accounts. (Compl. ¶¶ 65-68.) Defendants continue to compete with DOMT's business and continue to use DOMT's proprietary and confidential information. (Compl. ¶¶ 71-72.)

Plaintiff seeks an accounting of the royalties, fees, and expenses that Defendants owe. Plaintiff also seeks an injunction prohibiting Defendants from operating a competitive business within 30 miles of Plaintiff's business location for 24 months and from using DOMT's proprietary materials and confidential information.

When issuing a default judgment, "[i]f the sum is not certain or capable of easy computation, the court may hold whatever hearing or inquiry it deems necessary . . . ." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2688 (3d ed.).

3

The Court will grant a default judgment in part to the extent Plaintiff seeks an accounting, as established in Count I of the Complaint. In this case, an accounting must be conducted to determine the amounts owed. The Court will therefore order Defendant Smikle to deliver his books and records to Plaintiff for an accounting. Plaintiff shall then supplement its motion for default judgment by filing a certification detailing the amount of royalties, administrative fees, legal expenses, attorneys' fees, and other monies owed. The certification shall also detail the amount of liquidated damages owed, the beginning date and methodology for calculating such damages, and an explanation of how Plaintiffs determined that date. If the certification is sufficiently specific and if there is a sum certain, the Court will enter judgment in the appropriate amount. If there is not a sum certain, then the Court will schedule a hearing.

Plaintiff's proposed order suggests that Defendants be allowed to object to Plaintiff's certification. As explained above, defendants in default lose the right to object to the facts underlying a plaintiff's claims. If Defendants seek to object to Plaintiff's certification of costs, they may ask the Court to set aside entry of the default, which can be done for good cause pursuant to Fed. R. Civ. P. 55(c) and which would enable the parties to resolve their disputes through the

4

litigation process. The Third Circuit "does not favor entry of defaults or default judgments" and "require[s] doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984) (citation omitted).

In addition to monetary damages, Plaintiff also requests an injunction. Every injunction must state its terms with specificity and reasonable detail. Fed. R. Civ. P. 65(d). Plaintiff's proposed order states that Defendants "are permanently enjoined from using DOMT's confidential information and proprietary property" and that Defendants "are ordered to return all confidential information and proprietary property in their possession . . ., including but not limited to, Plaintiff's operations manual and business forms." [Docket Item 8-2 at 2.] This level of specificity is insufficient. Plaintiff shall submit a supplemental certification and a proposed order for injunction that details, inter alia, the address from which the 30-mile radius for non-competition arises, the specific proprietary and confidential materials that must be returned, and the dates that the non-competitive restrictions shall span.

IT IS this **25th** day of **April**, **2014,** hereby

ORDERED that default judgment against Defendants Ricardo Smikle and Prestige Commercial Cleaning Corp. is GRANTED IN PART

5

to the extent Plaintiff seeks an accounting; the adjudication of monetary and injunctive relief, attorneys' fees and costs will be deferred pending the procedures specified herein; and it is further

ORDERED that, within ten (10) days of the date of this Order, Plaintiff shall submit a certification of facts and a proposed injunction that complies with Fed. R. Civ. P. 65(d) and that details, with specificity, the address from which the 30-mile radius for non-competition arises, the specific proprietary and confidential materials that must be returned, the dates that the non-competitive restrictions shall span, the persons bound by the injunction, and any other necessary terms; and it is further

ORDERED that Plaintiff shall cause a copy of this Order to be served forthwith upon Defendants, and shall file with the Clerk an affidavit of such service; and it is further

ORDERED that, within ten (10) days of the date of service of this Order, Defendant Smikle shall deliver to Plaintiff's counsel all books and records for Defendant Prestige and for any other entity that he owns, operates, or manages that conducts services covered by Smikle's franchise agreement with DOMT for the period from October 27, 2007 to the present date; and it is further

ORDERED that Plaintiff shall review these records to determinate the royalty, advertising, administrative expenses, and other damages, if any, that Defendants owe; and it is further

ORDERED that, within twenty (20) days of receiving Defendants' books and records, Plaintiff shall file a supplement to its motion for default judgment containing a certification detailing the monies that Defendants owe Plaintiff, including the costs and attorneys' fees for this case in the detail required by Local Civil Rule 54.2. The certification shall also detail the amount of liquidated damages owed, the beginning date and method for calculating such damages, and an explanation of how Plaintiffs determined that date. If the certification specifies a sum certain, Plaintiff shall also attach a proposed order for default judgment reflecting the total amount Defendants owe.

                                              **s/ Jerome B. Simandle**
                                              JEROME B. SIMANDLE
                                              Chief U.S. District Judge